UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALISHA ALLISON, <br><br> Plaintiff, <br><br> v. <br><br> MIDSTATE COLLECTION SOLUTIONS, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:20-cv-02319 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes ALISHA ALLISON ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of MIDSTATE COLLECTION SOLUTIONS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides and transacts business within the Central District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Central District of Illinois.

## PARTIES

4.     Plaintiff is a consumer over 18-years-of-age residing in Vermillion County, Illinois, which is located within the Central District of Illinois.

5.     Defendant prides itself on providing "respectable and efficient collection services."[1] Defendant is a third-party debt collector organized under the laws of the State of Illinois, with its principal place of business located at 2009 Round Barn Road, Suite B, Champaign, Illinois 61821. Defendant's registered agent is Arthur L. Mann, who is located at 507 South Broadway Avenue, POB 548, Urbana, Illinois 61803. Defendant regularly collects upon consumers located in the state of Illinois.

6.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.     Plaintiff recently reviewed her Experian credit report and discovered an entry bearing Defendant's name, which was reporting in an active collection status a delinquent medical debt originally incurred to *Christie Management Company, Inc.* ("subject debt"), as seen below:

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| MIDSTATE COLLECTION SOLU | 440113713953 | $2,173 as of 11/06/2020 | 12/2016 | Collection account. $2,173 past due as of Nov 2020. |
| PO BOX 3292 CHAMPAIGN, IL 61826 | Type Collection | Credit limit or original amount | Date of status 12/2016 | |

Experian - Access your credit report

| | | | |
|---|---|---|---|
| 217 351 1888 | Terms | $2,173 | First reported |
| Address identification number 0127610015 | 1 Months | High balance $0 | 02/2017 |
| | On record until Nov 2021 | Monthly payment $0 | Responsibility Individual |
| Original creditor CHRISTIE MANAGEMENT CO | | Recent payment amount $0 | |

---

[1] https://midstatecollections.com/

8.  Confused about the reporting of the subject debt, in November 2020, Plaintiff contacted Defendant via telephone to ascertain additional information concerning the subject debt appearing on her credit report.

9.  During this phone call, Plaintiff was informed that Defendant was a debt collector attempting to collect upon the subject debt, in the amount of $2,172.90.

10. Plaintiff advised Defendant's representative that she could not make payment, however, Defendant's representative pressured Plaintiff into making payment, even offering Plaintiff the option to enter into a payment plan.

11. Yet, Plaintiff's Experian credit report reflected that the subject debt would remain on Plaintiff's credit record through November 2021. *Id.* Upon information and belief, as a collection account remains on a consumer report for seven (7) years beginning from the date of first delinquency, the subject debt fell into delinquency beginning in or around November 2014. *See* 15 U.S.C. § 1681c.

12. The applicable Illinois statute of limitations for the subject debt states, in relevant part:

> Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressly or implied…shall be commenced within 5 years next after the cause of action accrued. *See* 735 ILCS § 5/13-205.

13. Accordingly, given the applicable five (5) year Illinois statute of limitations and the fact that the subject debt fell into delinquency beginning in or around November 2014, as of November 2020, the date in which Plaintiff accessed her credit report and contacted Defendant, the subject debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

14. Despite the time-barred status of the subject debt, at no point during Plaintiff's conversation with Defendant did Defendant's representative disclose or explain to Plaintiff that the subject debt was time-barred and/or that Defendant could not sue her to collect it.

15. In addition, despite the time-barred status of the subject debt, at no point during Plaintiff's conversation with Defendant did Defendant's representative disclose or explain to Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability. Rather, Defendant attempted to extract payment from Plaintiff.

16. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

17. Plaintiff was misled by Defendant's statements, representations and/or omissions directed to her during her conversation with one of its representatives.

18. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

19. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

20. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

21. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. On its website and within its communications to consumers, Defendant identifies itself as a "debt collector" attempting to collect a "debt." Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 1999.[2]

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

---

[2] http://www.acainternational.org/search#memberdirectory

28.     In addition, this section enumerates specific violations, such as:

(2) The false representation of -- (A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

29.     Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its representations and statements directed to Plaintiff during its conversation with her by attempting to collect the subject debt despite omitting the disclosure of material information to Plaintiff regarding the subject debt's time-barred status and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

30.     Defendant knew, or should have known, that the subject debt was time-barred, but yet, Defendant failed to provide any disclosure of the same – and/or the legal implications of the same – to Plaintiff.

31.     Such representations and/or omissions served only to confuse and intimidate Plaintiff in the hopes that she would waive her rights and affirmative defenses under the law by making a payment and/or promising to make a payment.

32.     Plaintiff was unable to adequately determine the character and legal status of the subject debt based upon Defendant's representations and/or omissions directed to her during her conversation with its representative, and was likewise unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the subject debt.

33.     As an experienced debt collector, Defendant knows that its representation to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be true, complete and accurate, especially when Defendant is attempting to collect upon a time-barred debt.

34.     Defendant had an obligation to accurately alert Plaintiff as to her rights with respect to the subject time-barred debt, however, Defendant skirted this obligation with deceptive and misleading representations and/or omissions.

### b. Violations of FDCPA § 1692f

35.     The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36.     Defendant violated § 1692f through its unfair efforts to collect upon the subject debt. Despite the time-barred status of the subject debt, Defendant unconscionably failed to apprise Plaintiff of this federally-mandated disclosure, as well as of the fact that it could not sue her to collect. Defendant also failed to notify Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability. Defendant engaged in this conduct in an effort to mislead Plaintiff into making a payment and to ultimately cause her unwarranted financial harm by restarting the applicable statute of limitations.

37.     As set forth in paragraphs 17 through 21, *supra,* Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, ALISHA ALLISON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 13th day of November, 2020.     Respectfully Submitted,

   */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Counsel for Plaintiff, Alisha Allison*